Thomas A. Aurelio, J.
Petitioner had applied on December 18, 1957, for a hardship rent increase pursuant to subdivision 7 of section 33 of the State Bent and Eviction Begulations. On July 2,1958, it conveyed title to the present owner. The contract of sale provided for adjustment of rents as of July 2, 1958, pursuant to the pending application and any retroactivity allowed therein upon the basis of that application. The rent increase application was denied by order of the Local Bent Administrator on August 15, 1958, eight months after its filing and protest was denied by order of December 1, 1958. The petitioner now seeks a review of that order.
Because time for processing of those applications was often considerably delayed the law and regulations were amended to provide for retroactivity as to any rent increase allowed. The respondent takes the position that a rent increase ordered is made in favor of a landlord who has experienced cost increases and hardship since the commencement of his ownership and operation and since this petitioner is no longer the owner no order may be made in its favor and that the language of the amending statutes indicates that the owner for whose benefit such an order with retroactivity is to be made is the petitioning owner and not another.
Clearly, the element of delay, here a period of eight months, and a further indeterminate period, is certainly the kind of delay against which the Legislature intended to relieve by the imposition of retroactive rent increases where such delays do occur. A ruling that the Legislature intended to limit the granting of *301 orders to the petitioner owner only, notwithstanding any lapses of indefinite and inordinate time by reason of delays in processing, would, in effect, freeze title and prevent an owner who in good faith has made a rent increase application from offering his property for sale even though an unreasonable time has already elapsed.
If the application and, eight months thereafter, the sale are made in good faith and such sale contemplates an adjustment of rents whereby the selling landlord retains full interest in any increase to be allowed up to the time of sale and adjustment of rents and the grantee has taken title upon the representation that the application is pending which must, therefore, be prosecuted, no reason appears why by reason of such sale the proceeding upon the application should be deemed terminated and the application dismissed or denied.
The motion is granted remanding the matter to the respondent for further process.